ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2001 JAN 27 P 12: 44
CLERK J Burton

AMMON RA SUMRALL, )
)
    Plaintiff, )
)
v. ) CV 307-064
)
RONNIE LAWRENCE, Deputy Warden at )
Johnson State Prison; WILLIS LINDER, )
Sargeant at Johnson State Prison; DONNA )
SOLES, Lieutenant and Hearing Officer at )
Johnson State Prison; and STAN )
SHEPARD, )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Macon State Prison ("MSP") in Oglethorpe, Georgia, has filed the above-captioned complaint pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] The events comprising the above-captioned complaint occurred while Plaintiff was incarcerated at Johnson State Prison ("JSP").

Accordingly, on March 27, 2008, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. The Court directed that service of process be effected on Defendants Ronnie Lawrence, Donna Soles, and Willis Linder.[2] (Doc. no. 15). The Court also recommended dismissal of Defendant Anthony Washington as well as Plaintiff's grievance procedures claim. (Doc. no. 13). The Court's recommendation was adopted by the District Judge. (Doc. no. 17). Defendants Lawrence, Linder, and Soles filed their answers, a scheduling notice was entered, and discovery ensued. Through discovery, Plaintiff learned "that a deputy warden at JSP, named Stan Shepard, was the person who had Plaintiff's security [level] raised and [had] him moved from JSP on March 15, 2007," and therefore, Plaintiff sought permission to amend his complaint. (Doc. no. 35, p. 2). The Court granted Plaintiff's motion (doc. no. 37); Plaintiff submitted an amended complaint (doc. no. 38), and it is this document that the Court will now review.

## I. SCREENING THE COMPLAINT

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Stan Shepard, (2) Ronnie Lawrence, Deputy Warden of JSP, (3) Willis Linder, Sergeant at JSP, and (4) Donna Soles, Hearing Officer at JSP. (Doc. no. 38, pp. 1, 4). Plaintiff contends that these Defendants violated his constitutional rights by retaliating against him because he filed grievances regarding the conditions at JSP. (Id. at 7-14).

---

[2] Donna Soles was Jane Doe, however, she was later identified as Donna Soles by Plaintiff. (Doc. no. 29).

According to Plaintiff, on February 7, 2007, he requested protective custody because he did not feel safe in the general population at JSP. (Id. at 8). As per an officer's request, Plaintiff wrote a statement explaining his reasons for requesting protective custody. (Id. at 9). In his statement Plaintiff explained that while incarcerated at a different prison he had been assaulted by prison gang members. (Id. at 8, 9). The statement also included that on February 7th, while at the JSP law library, Plaintiff was approached by a prisoner who informed Plaintiff that the prisoner had heard that Plaintiff had been "jumped by gangsters at [Georgia State Prison]." (Id. at 8). Moreover, this prisoner stated that other prisoners at JSP, who were also apparently members of the same gang as those who assaulted Plaintiff at Georgia State Prison, were also familiar with the "incident" and were going to "get Plaintiff." (Id.). The officer who directed Plaintiff to write the statement reviewed the statement and deemed the statement sufficient to place Plaintiff in protective custody; and thereafter, Plaintiff was placed in protective custody. (Id. at 9).

The issues in this case arise from events occurring once Plaintiff was placed in protective custody. Initially, Plaintiff alleges that even though he was in protective custody, not isolation, he was not allowed his personal property. (Id. at 10). Plaintiff contends this procedure was contrary to the standard operating procedure. (Id.). Plaintiff, maintains that after he unsuccessfully attempted to address this situation with officers at JSP he filed a grievance. (Id.). In addition, Plaintiff also filed a grievance pertaining to his complaint that the lights were left on twenty-four hours a day in the protective custody cells. (Id.).

Thereafter, an exchange about Plaintiff's grievances took place between Plaintiff and

Defendant Lawrence. (Id. at 11). Plaintiff told Defendant Lawrence that he would be beaten-up if he came off protective custody. (Id.). Defendant Lawrence replied, "We're not gonna change how we run this prison for you and nobody else. And since you want to write us up, we'll write you up." (Id.). Plaintiff asserts that Defendant Lawrence instructed Defendant Linder to write Plaintiff a disciplinary report for refusing to sign off protective custody. (Id.). Plaintiff explains that up until he filed the grievances, Defendants Lawrence and Washington had been very cordial to Plaintiff. (Id.).

On February 17, 2007, Plaintiff received a copy of his disciplinary report work sheet authored by Defendant Linder, and the sheet provided:

> [Plaintiff] was instructed by [Defendant Lawrence], that he needed to come off [protective custody] status because his reason for being on protective custody was not valid. [Plaintiff] didn't list who he was afraid of on his witness statement. [Plaintiff] refused the instruction given to him.

(Id.). The disciplinary hearing for the above alleged infraction occurred on February 21, 2007. (Id. at 12). At that hearing, Plaintiff explained that he did not know the names of the people who wanted to hurt him, and therefore he could not list their names on his statement. (Id.). Moreover, Plaintiff allegedly explained that the standard operating procedures regarding administrative segregation do not require an inmate to provide the names of "enemies" who might hurt him in order to receive protective custody. (Id.).

Plaintiff next contends that Defendant Soles, the disciplinary hearing officer, stated, "They want you guilty so I'm not gonna go against my boss, no matter what that [standard operating procedure] says." (Id.). Defendant Soles then sanctioned Plaintiff with seven days

4

in isolation and thirty days of both phone and store restriction. (Id. at 13). Plaintiff continued the process of exhausting his administrative remedies. (Id.).

Plaintiff alleges that he appealed the disciplinary report conviction, and he filed grievances that alleged retaliation by JSP personnel for his filing of grievances regarding the conditions at JSP. (Id.). On March 15, 2007, Plaintiff was transferred to Telfair State Prison, where he learned that his classification had been raised from medium to close security. (Id. at 9). Plaintiff maintains that his classification was raised by Defendant Shepard while he was still at JSP because he threatened the staff. (Id. at 14). Plaintiff adamantly denies ever threatening the staff at JSP and attributes the elevation of his security level to retaliation by Defendants because he filed grievances and otherwise complained about the conditions at JSP. (Id. at 10). Plaintiff has asserted his claims against Defendants in both their individual and official capacities; as relief he seeks injunctive and monetary damages. (Id. at 7, 15).

## II. DISCUSSION

Plaintiff has attempted to sue all Defendants in their respective official and individual capacities for monetary damages. However, the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff's allegations relate to actions undertaken by Defendants while performing functions as state prison officials. Therefore, Plaintiff's official capacity claims for monetary damages are not cognizable and should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

5

Plaintiff official capacity claims for monetary damages be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED on this 27th day of January, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Stan Shepard based on Plaintiff's First Amendment claim of retaliation and has directed Defendants Lawrence, Soles, and Linder, to file their answers in to Plaintiff's amended complaint.