IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AMMON RA SUMRALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-064 |
| | ) | |
| RONNIE LAWRENCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The R&R recommended granting in part and denying in part Defendants' motion for summary judgment. Although both parties raise various objections to the R&R (doc. nos. 64, 66), only a select few of their objections merit further comment, but none change the Court's opinion with respect to the R&R's analysis and conclusions.

The Magistrate Judge recommended that summary judgment be granted as to Defendants Lawrence, Linder, and Soles because Plaintiff failed to show that a genuine issue of material fact existed as to whether these Defendants had retaliated against Plaintiff for his filing of grievances. (Doc. no. 61, pp. 12-13). However, the Magistrate Judge recommended that Defendants' motion for summary judgment be denied as to Plaintiff's claims against Defendant Shepard concerning whether Defendant Shepard transferred Plaintiff and raised

his security classification in retaliation for Plaintiff filing grievances. (Id. at 13-15). The Magistrate Judge concluded that Plaintiff had established that a genuine issue of material fact existed as to whether Plaintiff had "declared war" on the staff at Johnson State Prison ("JSP"). (Id.). Defendant Shepard argues that this declaration of war was the reason for transferring Plaintiff and also resulted in the change of his security level.

Defendants argue that summary judgment should have been granted on Plaintiff's claims against Defendant Shepard. Defendants, relying on Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274 287 (1977),[1] argue that it is "immaterial whether [] Defendants produced the written "declaration of war," since it is clear from [Defendant] Shepard's affidavit and the Query Transfer Form that [Defendant] Shepard would have requested [] Plaintiff's transfer regardless of any improper motive." (Doc. no. 64, p. 3).

Notably, however, the Magistrate Judge determined, and this Court agrees, that Plaintiff has established a genuine issue of material fact concerning whether he declared war on the JSP staff. Defendant avers that Plaintiff did declare war; Plaintiff avers he did not. Although Defendant Shepard asserts that he read the letter in which Plaintiff declared war on the staff at JSP, this letter is not in evidence. Thus, the very fact Defendants rely upon to establish Defendant Shepard's proper motive for transferring Plaintiff is in dispute. In other words, without Plaintiff's alleged declaration of war, Defendant Shepard did not have (and/or has not provided) any other reason to recommend transferring Plaintiff other than

---

[1] Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977), stands for the proposition that once a plaintiff has carried the burden of showing that his conduct was constitutionally protected and was the motivating factor of the defendant, the burden then shifts to the defendant to show that he would have reached the same decision absent the protected conduct.

2

retaliation for Plaintiff filing grievances.[2]

Next, the Court turns to the new arguments raised by Defendants for the first time in their objections to the R&R. Defendants now argue that Plaintiff's claims against Defendant Shepard should be dismissed for lack of jurisdiction and "mootness." (Doc. no. 64, pp. 5-8). The Magistrate Judge concluded that Plaintiff could not recover compensatory or punitive damages for any mental or emotional injury caused by the alleged retaliation. (Doc. no. 61, pp. 18-19). Defendants now assert that Plaintiff has not alleged anything other than mental or emotional damages; therefore if the retaliation claims against Defendant Shepard were to proceed to trial, there are no monetary damages that a jury could award Plaintiff. (Doc. no. 64, p. 6). Defendants also asserts that Plaintiff's claims for injunctive relief have been rendered moot or should be determined unavailable. (Id.).

In the relief portion of his amended complaint, Plaintiff requested: (1) a jury trial; (2) compensatory damages; (3) punative damages; (4) injunctive relief in that Defendants be required to (a) expunge from Plaintiff's file the Disciplinary Report they wrote against him on February 16, 2007, (b) delete from Plaintiff's file and their records any and all information that alleges Plaintiff threatened any Georgia Department of Corrections ("GDC")

---

[2] Defendants' objection concerning the Magistrate Judge's finding on qualified immunity fails for the same reason. Defendants again argue that Defendant Shepard presented a lawful and legitimate reason for his decision to request the transfer, Plaintiff's alleged declaration of war. Therefore, Defendants maintain that this is a "mixed motive" case and thus, Defendant Shepard is entitled to qualified immunity. Indeed, a state actor is entitled to qualified immunity when his actions are motivated in part by unlawful consideration if lawful reasons were also presented. Barthlow v. Jett, 303 Fed. App'x 723, 725 (11th Cir. 2008). However, Defendant Shepard's lawful reason – Plaintiff's alleged declaration of war – remains an issue of material fact. Therefore, Defendants have not shown that this is a mixed motive case, and Defendant Shepard, at this juncture, is not entitled to qualified immunity.

employee while housed at JSP in 2007, (c) lower Plaintiff's security level back to medium, and (d) transfer Plaintiff to a medium security prison; and (5) any other relief the Court deems necessary and appropriate. (Doc. no. 38, p. 15).

Defendants provide that Plaintiff's requests for injunctive relief 4 (a), (c), and (d), listed above, have been fulfilled and are therefore moot. Concerning Plaintiff's request 4(b), Defendants maintain that Plaintiff's request, that any reference to him threatening staff at JSP be removed from his file and the GDC system, would adversely impact the security at the prison where Plaintiff is currently incarcerated in that officials may not know that Plaintiff had previously threatened security staff. (Doc. no. 64, pp. 7-8). Defendants provide that 18 U.S.C. § 3626(a)(1)(A) requires the Court to give substantial weight to the adverse impact caused by Plaintiff's requested relief. Thus, they conclude that, "in consideration of the adverse security affects, this Court should conclude that [] Plaintiff's requested injunctive relief be denied." (Id. at 8). Again, as the question of whether Plaintiff declared war on the JSP staff – a question of fact – is the central issue of the remaining claims against Defendant Shepard, this Court declines Defendants' invitation to summarily find that Plaintiff did in fact declare war on JSP staff and enter summary judgment in Defendant Shepard's favor.[3]

As such, all objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**, a final judgment shall be **ENTERED** in favor of Defendants Lawrence,

---

[3]The Court has likewise reviewed Plaintiff's objections and finds that they are also without merit.

4

Linder and Soles, and Plaintiff's claims of retaliation against Defendant Shepard shall proceed to trial.

SO ORDERED this 9th day of March, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE